USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

Jeffrey L. Matthews, et al.,

          Defendants.

Civil Action No.

05-CV-6479 (DC)

### FINAL JUDGMENT AS TO DEFENDANTS CURTISS P. BARNES AND JEFFREY L. MATTHEWS

The Securities and Exchange Commission having filed a Complaint and Defendants Curtiss P. Barnes ("Barnes") and Jeffrey L. Matthews ("Matthews") (collectively the "Defendants") each having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and venue); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Barnes is liable for disgorgement of $6,929 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $408, for a total of $7,337. Defendant Barnes shall satisfy this obligation by paying $7,337 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Curtiss P. Barnes as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Barnes shall simultaneously transmit photocopies of such payment and letter to

Catherine E. Pappas, Senior Trial Counsel, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment, Defendant Barnes relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Barnes. Defendant Barnes shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Barnes shall pay a civil penalty in the amount of $6,929 pursuant to Section 21A of the Exchange Act, 17 U.S.C. § 78u-1. Defendant Barnes shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Curtiss P. Barnes as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Barnes shall simultaneously transmit photocopies of such payment and letter to Catherine E. Pappas, Senior Trial Counsel, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment, Defendant Barnes relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Barnes. Defendant Barnes shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Matthews is liable for disgorgement of $7280 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $454 for a total of $7,734. Defendant Matthews shall satisfy this obligation by paying $7,734 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jeffrey L. Matthews as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Matthews shall simultaneously transmit photocopies of such payment and letter to Catherine E. Pappas, Senior Trial Counsel, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment, Defendant Matthews relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Matthews. Defendant Matthews shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Matthews shall pay a civil penalty in the amount of $7,280 pursuant to Section 21A of the Exchange Act, 17 U.S.C. § 78u-1. Defendant Matthews shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jeffrey L. Matthews as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Matthews shall simultaneously transmit photocopies of such payment and letter to the Catherine E. Pappas, Senior Trial Counsel, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment, Defendant Matthews relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Barnes. Defendant Matthews shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants' respective Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 29, 2005

_____
UNITED STATES DISTRICT JUDGE